UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| NATHANIEL JAMAR HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-32 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| PATRICIA CARUSO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"),

"no action shall be brought with respect to prison conditions . . . until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate

exhaustion of available administrative remedies, the Court will dismiss his complaint without

prejudice.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections

(MDOC) and housed at the Macomb Correctional Facility, though the conduct he complains of

occurred while he was housed at the Bellamy Creek Correctional Facility (IBC). In his *pro se*

complaint, he sues MDOC Director Patricia Caruso and IBC Case Manager Lori Mitchell.

Plaintiff's complaint arises out of three incidents related to his attempted purchase and possession of materials citing the Uniform Commercial Code (UCC).  Plaintiff claims that on September 13, 2004, he attempted to order some materials related to the UCC, which he somewhat incoherently suggests relate to his criminal conviction and sentence.  The case manager at the time, B. Rosen, referred the disbursement request to the head librarian, Norman Pearce, for approval. Pearce refused to approve the request because it was UCC-related material, which is barred pursuant to MICH. DEP'T OF CORR., DIRECTOR'S OFFICE MEMORANDUM 2004-8.  On November 14, 2004, Plaintiff sought notarization of a letter directed to the Clerk of Court for the 3rd Judicial Circuit Court, in which "requested specific delegations of congressional authority pertaining to U.S. incorporation and commercial claims with federal statutes over an ENS LEGIS etc in an attempt to begin the litigation aspect of the procedure."  Upon inspection, the librarian confiscated the letter pursuant to MICH. DEP'T OF CORR., Policy Directive 04.07.112 and issued a contraband removal slip. Finally, on November 22, 2004, Plaintiff was taken into segregation and his property was inspected. At that time, corrections officer B. Angel confiscated Plaintiff's "security agreements, hold harmless indemnity agreement, private agreement, default letter to the director P. Caruso, and at least 50 pages of information . . . ."

Plaintiff contends that the Director's Office Memorandum has impaired his right of contract under the UCC.  He also asserts that the various actions denying his access to and possession of UCC materials have denied his right of access to the courts.  Plaintiff did not file a grievance regarding any of the three alleged deprivations.  For relief, Plaintiff requests an injunction barring enforcement of MICH. DEP'T OF CORR., DIRECTOR'S OFFICE MEMORANDUM 2004-8, together with compensatory and punitive damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district court must enforce the exhaustion requirement *sua sponte*.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

- 3 -

defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff asserts that he is not obligated to pursue administrative remedies because he challenges a department policy, which is not grievable under MICH. DEP'T OF CORR., Policy Directive 03.02.130(E). The content of administrative rules, policy directives, or Director's Office Memoranda may not be grieved. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E. However, if a prisoner is personally affected by the content of a policy and the prisoner has a concern with the policy, the prisoner may direct comments to the warden's forum through his unit representative. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E. Also, a prisoner may grieve the application of a policy if it affects the prisoner personally and is something over which the Michigan Department Corrections has control. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E. Plaintiff has neither grieved the application of the policy to his situation nor raised the overall policy through the warden's forum. Plaintiff argues that "exigent circumstances" excuse his failure to exhaust his claims either through the grievance process or through the warden's forum. He contends that the lack of requested materials is delaying his imminent release.

Contrary to Plaintiff's suggestion, however, the statutory requirement of exhaustion contains no exception based on the perceived immediacy of the prisoner's need for intervention. *See* 28 U.S.C. § 1197e(a); *Lovett v. Gundy*, No. 03-2306, 2004 WL 2203583, at *1 (6th Cir. Sept. 16, 2004); *Arbuckle v. Bouchard*, No. 03-1975, 2004 WL 542170, at *2 (6th Cir. Mar. 16, 2004). He therefore is required to pursue his available administrative remedies for all claims he seeks to raise in this Court.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See* Policy Directive 03.02.130, ¶ G(4).  The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).  However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)).  Accordingly, the Court will dismiss his action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  April 22, 2005                                  _____/s/ Gordon J. Quist_____
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE