UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL JAMAR HUDSON,            )
                                   )
          Plaintiff,               )    Case No. 1:05-cv-32
                                   )
v.                                 )    Honorable Gordon J. Quist
                                   )
PATRICIA CARUSO et al.,            )
                                   )
          Defendants.              )
_____)

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. After conducting the review required under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), this Court entered an opinion and judgment (docket ##8, 9) dismissing the action without prejudice because Plaintiff had failed to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a). The matter now is before the Court on Plaintiff's motion for relief from judgment (docket #10) filed pursuant to Fed. R. Civ. P. 60(b).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated

examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Insurance Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Plaintiff's motion does not specify the particular ground for relief under the rule, though his argument suggests that he relies on subsection 60(b)(1). The Sixth Circuit has held that Rule 60(b)(1) should be applied "'equitably and liberally . . . to achieve substantial justice.'" *See Williams v. Meyer*, 346 F.3d 607, 612-13 (6th Cir. 2003) (6th Cir. September 25, 2003) (recognizing that the same standard applies to all Rule 60(b)(1) motions, regardless of whether they challenge a default judgment) (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). In deciding whether relief is warranted, the Court must consider three factors: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense. *Williams*, 346 F.3d at 613 (citing *United Coin*, 705 F.2d at 845). A party demonstrates lack of culpability by showing "mistake, inadvertence, surprise, or excusable neglect." *Id.*

Plaintiff specifically argues that the Court committed legal error, in dismissing his action for lack of exhaustion. First, Plaintiff asserts that, because he challenges the content of a prison policy, his claim is not grievable in the prison grievance process. The content of administrative rules, policy directives, or Director's Office Memoranda may not be grieved. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E. In its April 22, 2005 decision dismissing the case, this Court acknowledged the unavailability of the grievance procedure to challenge the content of departmental policies. However, the Court noted that, because Plaintiff was challenging the particular application of the policy against him, the matter arguably remained grievable. Plaintiff correctly points out that a prior version of the policy language expressly permitted a prisoner to filed

such a grievance, but no longer does so. *Compare* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (eff. Nov. 1, 2000) (expressly permitting a prisoner to grieve the application of a policy if it affected the prisoner personally and was something over which the Michigan Department Corrections had control), *with* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (eff. April 28, 2003) (deleting the express language permitting a prisoner to grieve the application of a policy affecting the prisoner personally and involving a matter within the control of the department). However, although the express language involving policy applications was deleted, the policy continues to prohibit only those challenges made to the *content* of any policy. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130 (eff. April 28, 2003). It therefore is arguable that the grievance process remains available in circumstances such as this one, in which a prisoner challenges a specific application of the policy and challenges the taking of materials beyond those strictly barred by the policy. As a result, as the Court previously held, Plaintiff arguably may file a grievance regarding at least a portion of his complaint. Where a remedy may be available, a prisoner may not rely on his own subjective belief that the process is not available to avoid the requirement of exhaustion. *See Parker v. McGinnis*, No. 98-1605, 1999 WL 283900, at *2 (6th Cir. April 27, 1999) (prisoner may not ignore the mandatory language contained in § 1997e and attempt to avoid the exhaustion requirement by failing to even attempt to exhaust his administrative remedies based upon his subjective belief that he has no available avenues for relief). *See also Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (rejecting notion that exhaustion is not required where attempts to exhaust arguably are futile).

        Moreover, even if the grievance process is unavailable to Plaintiff, if a prisoner has a concern with the content of a policy or procedure, the prisoner may direct comments to the

warden's forum through his unit representative. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E. In his complaint, Plaintiff expressly acknowledged that he had not raised the overall policy through the warden's forum, arguing that "exigent circumstances" excused his failure to exhaust his claims through the warden's forum. In its April 22, 2005 opinion and judgment, the Court rejected the claim that exigent circumstances excused the exhaustion requirement. Plaintiff now asserts that, on May 3, 2005, he asked a warden's forum representative to bring to the warden's forum Plaintiff's challenge to the department policy prohibiting the possession of U.C.C. materials. His prisoner unit representative allegedly told him that, according to his understanding, the warden's forum could not be used to address individual or litigation matters, only matters concerning the entire institution. Plaintiff also asserts that, on May 4, 2005, he sent a letter to the warden asking for information about his available remedies, to which he received no reply. As a consequence, Plaintiff contends that the warden's forum is unavailable to him and exhaustion should be excused.

Plaintiff's arguments do not support his motion for relief from judgment. First, Plaintiff's representations raise entirely new facts about exhaustion not previously alleged in the complaint. A prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies. *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002). Second, Plaintiff's allegations regarding his attempts to exhaust his claim to the warden's forum arguably are inadequate because Plaintiff does not expressly state that the warden's forum representative refused to bring Plaintiff's challenge to the policy before the warden's forum. Third, even if Plaintiff's attempts to exhaust were considered sufficient, those attempts were not made until after this Court dismissed his complaint, long after the complaint was filed. The Sixth Circuit squarely has held that the administrative process must be complete before the prisoner files an action in federal court.

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).  As a result, Plaintiff's belated efforts to exhaust his claims in the warden's forum are inadequate to fulfill the exhaustion requirement.

        Accordingly,

        IT IS ORDERED that Plaintiff's motion for relief from judgment (docket # 10) is DENIED.


Dated:  June 16, 2005                                    /s/ Gordon J. Quist
                                                                                        GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE